IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Henry Horner Mothers Guild, *et al.*, | |
| Plaintiffs, | No. 91 C 3316 |
| v. | Jeffrey T. Gilbert |
| Chicago Housing Authority, *et al.* | United States Magistrate Judge |
| Defendants. | |

**ORDER**

Plaintiff's Motion to Compel Discovery and For Other Relief [ECF No. 472] ("Motion") is granted in part and denied in part for the reasons explained below.

As a threshold matter, Defendant Chicago Housing Authority ("CHA") says Plaintiff Henry Horner Mothers Guild ("Plaintiff") did not comply with Local Rule 37.2 before it filed its Motion. The Court disagrees. The parties bickered about Plaintiff's discovery requests for months before Plaintiff sought relief from the Court. Both parties have indicated repeatedly they are interested in resolving this matter. Plaintiff, however, says it needs more information from CHA before it can intelligently evaluate the possibility of settlement. CHA, apparently believing Plaintiff has all the information it needs to talk settlement, wants to prioritize settlement discussions over Plaintiff's discovery requests. It is clear to the Court from the briefing on Plaintiff's Motion that the parties reached impasse on the matters set out in that Motion before it was filed. Plaintiff points out that CHA even suggested in a November 2024 email sent before the Motion was filed that it might be better for the parties to discuss the discovery Plaintiff was seeking *after* Plaintiff filed its Motion. Motion [ECF No. 472] at 3. That, in fact, is what CHA said even though that is not the way the Local Rule 37.2 process is supposed to work. Defendant's Response to Plaintiffs' Motion to Compel ("Response") [ECF No. 474] at ECF No. 474-3 ("Plaintiff's Counsel has made clear their intention to file a Motion to Compel . . . [and] CHA does not wish to discuss discovery in detail outside of Plaintiff's Motion to Compel at this time."). The Court finds that Plaintiff fully complied with Local Rule 37.2 before filing its Motion.

There are many interrogatories, requests for production, and one request for admission at issue in Plaintiff's Motion. CHA says: (1) Plaintiff is seeking classified, privileged, and confidential information, some of which it cannot produce because of federal regulations; (2) Plaintiff is seeking documents not in CHA's possession,

custody, or control; and (3) some of Plaintiff's discovery requests do not comply with the Federal Rules of Civil Procedure. Plaintiff says: (1) the information it is seeking is perfectly discoverable under the Federal Rules of Civil Procedure; (2) there is nothing that bars CHA from producing it if it wishes to do so; and (3) in many instances, CHA has misconstrued Plaintiff's discovery requests and refused to search for and produce information that is readily available to it. The Court's rulings on Plaintiff's Motion are as follows:

**Interrogatory ("INT") No. 2.** Plaintiff's Motion is granted. The addresses of every unit, building, or other piece of real property built or rehabilitated pursuant to the Consent Decree is not confidential, classified, or privileged information as CHA maintains. And, of course, if the information was confidential, which it is not, it likely could be produced pursuant to a standard confidentiality order. As far as the Court can tell, the location of public or subsidized housing buildings or units in the Chicago area is public information. Plaintiff says it is on CHA's website. The subset of that information that Plaintiff is seeking for the Henry Horner Community governed by the Consent Decree is not classified or privileged or otherwise barred from disclosure nor does it implicate privacy concerns of either CHA or the people who benefit from programs administered by CHA. Neither does the federal regulation cited by CHA prohibit it from disclosing the information Plaintiff is seeking as far as the Court can tell. That regulation on its face appears to govern what federal agencies can do, and it is a stretch too far to interpret it to govern the discovery requests to CHA in this case. Therefore, the Court orders CHA to answer INT No. 2 or produce the information requested in INT No. 2.

**INT No. 3.** Plaintiff's Motion is granted. CHA must produce responsive information in its possession, custody, or control. Contrary to what CHA says, Plaintiff does not appear to be requesting any information or documents that is not in CHA's possession, custody, or control, so that objection is a makeweight or red herring. And it appears to be CHA's primary objection to these discovery requests. In INT No. 3, Plaintiff asks for the address of any building, unit or other property within the Henry Horner Community that, since May 8, 2028, failed an inspection conducted by the City of Chicago Department of Buildings or any other government entity. Plaintiff seeks information and documents about failed inspections in CHA's files and within its knowledge. It is not seeking information from CHA that is solely in the possession, custody, or control of third parties. In addition, Plaintiff says CHA only produced responsive documents for building inspection cases that proceeded to litigation, but Plaintiff also sought information about failed inspections that did not result in litigation. CHA does not directly respond to that latter argument. To the extent responsive information exists, therefore, CHA must answer INT No. 3 or produce the information requested in INT No. 3.

**Requests for Production ("RFP") Nos. 3 and 8.** With these RFPs, Plaintiff is seeking the results of REAC or NSPIRE inspections conducted by the Department of Housing and Urban Development in 2024 (RFP No. 3) and REAC inspection results going back to 1995 (RFP No. 8). Specifically, Plaintiff seems to be seeking scoring

2

information, appeals documents, and documentation of follow-up on the 2024 inspection. (RFP No. 3 as written seeks "[a]ny and all documents regarding the preliminary and/or final results of REAC or NSPIRE inspections" but Plaintiff appears to have focused on less than "any and all documents" in its Motion.) Plaintiff's RFP No. 8 may be overbroad in seeking all REAC inspection results going back to 1995, but it is not clear that it is unduly burdensome on the CHA to produce these documents either for that time period or a lesser time period. Although CHA seems to say that it does not have these documents, Plaintiff says it located the February 2024 inspection score on a HUD website, and it is difficult to believe that CHA has no responsive documents on these topics. Accordingly, CHA must produce responsive information and documents in its possession, custody, or control. Alternatively, if the parties cannot reach satisfactory closure on these requests in the wake of this ruling, then the Court authorizes Plaintiff to take a Rule 30(b)(6) deposition of a CHA designee who is fully prepared to testify about the matters contained in these discovery requests and what, if any, responsive information and documents CHA has in its possession that it can produce.

**INT No. 11, RFP Nos. 34 and 35.** These discovery requests all relate to CHA's process for monitoring and completing maintenance and work orders. INT No. 3 asks CHA to "describe" its "process for monitoring progress and completion of maintenance requests and ensuring that maintenance requests are properly assigned work order numbers, that these work order numbers are communicated to residents, and that work orders are properly closed." Plaintiff says the documents CHA produced, in lieu of providing a narrative answer to the interrogatory, and its reference to the CHA Yardi system that CHA apparently uses to communicate with contractors and to monitor work, and Plaintiff's review of the Rent Café, which is a consumer facing portal, does not contain information that is fully responsive to INT No. 11. RFP Nos. 34 and 35 seek work orders that have been marked as complete even though the actual work has not been completed and related documentation. CHA objected to these RFPs, and it seems to say it either has produced responsive documentation or, if its production is not sufficient for Plaintiff's purposes, then that is because Plaintiff's discovery requests are "unreasonable," "vague," and "unduly burdensome," which potentially are relevance and proportionality objections.

In the Court's experience, interrogatories that ask an opposing party to describe a process often fail to uncover fully the information being sought. And references to web sites or other repositories of information in lieu of a narrative response to such interrogatories often creates more problems than it solves. That appears to be the problem here. Moreover, it may be that Plaintiff's RFPs are overbroad and burdensome in scope as written (going back in some instances to 1995). So, Plaintiff's Motion is denied as to RFP Nos. 34 and 35 even as to documentation of more recent maintenance work because it is not clear what documentation exists that can be readily produced to Plaintiff. And while CHA's response to INT No. 11 may be insufficient, the better discovery vehicle for this information most likely is a Rule 30(b)(6) deposition followed, if necessary, by more targeted requests for production or

3

interrogatories. That exercise may reveal the existence of documentation about CHA's maintenance process that can be readily produced to Plaintiff, and for what period of time. To be clear, the Court does not doubt some of the information about maintenance and work orders that Plaintiff is seeking is relevant, but it cannot say on this record that CHA must do more to respond to these specific discovery requests than it has done. Plaintiff says, "CHA has provided minimally responsive information, falling well-short of its obligation to answer each interrogatory 'fully' FRCP 33(b)(3)," Reply [ECF No. 475] at 6, but it is not immediately clear to the Court what more the Court can order CHA to do other than to order it to "do better" which probably would not be that helpful. Therefore, Plaintiff's Motion also is denied as to INT No. 11.

**RFP No. 33.** This request for production seeks a color-coded chart or table documenting the status of work order requests in the Henry Horner Community since 2022. CHA does not respond to Plaintiff's Motion in this regard. Plaintiff says CHA produced the same chart in response to this RFP and to RFP No. 32, but the chart is not color-coded. Plaintiff wants a color-coded chart. CHA said it would produce such a chart in responding to RFP No. 33, so it appears such a chart exists. Therefore, the Court grants Plaintiff's Motion in this respect as to RFP No. 33 because CHA waived any objection to the RFP and, seemingly, intended to produce a responsive document. If it has not already done so, CHA must do so now.

**INT No. 14.** This is another instance in which Plaintiff has asked CHA to provide a narrative answer – "state the length of time the unit has been unoccupied [and] describe the plans for moving residents into this unit" and "summarize the plans for rehabilitation of the unit." Plaintiff says the documents CHA has produced in lieu of a narrative answer do not completely respond to the subsections of the interrogatory quoted above. The Court's view is the same as discussed above: Plaintiff should take a Rule 30(b)(6) deposition if it cannot get a better response to its interrogatory from CHA. Therefore, Plaintiff's Motion is denied in this respect.

**RFP No. 9.** This request asks for "[a]ll documents related to the most recent Physical Needs Assessment (PNA) completed by the CHA or a third party for buildings and units governed by the Consent Decree." CHA did not object to this RFP but simply said its "[i]nvestigation continues." CHA apparently produced the PNA, but Plaintiff also wants to know "how the CHA and the property management company are digesting and using the information in the PNAs to responsibly inform capital budgets and capital plans." Motion at 14. Again, this request for production effectively requires CHA to produce documents that illuminate a process. It is difficult for the Court to understand what finite set of documents needs to be produced to comply with this request. For similar reasons as discussed above, this may be an appropriate topic for a Rule 30(b)(6) deposition. In addition, Plaintiff's RFP as written, which seeks "all documents" related to the PNA, is overbroad. Therefore, Plaintiff's Motion is denied in this respect.

4

**RFP No. 44.** This RFP asks CHA to produce any transition book used to communicate issues to an incoming manager or management company within the Henry Horner Community since 2021. CHA produced what it characterized as a "transition binder" in response to RFP No. 38. Again, Plaintiff is looking to clarify the process CHA goes through during a transition to an incoming property manager or management company. CHA says it produced its transition binder and that is a sufficient response to this request for production. Plaintiff wants to know if the documentation CHA produced provides a complete response to Plaintiff's inquiry. The parties should meet and confer, in person or by telephone and not by email, about that issue. If, as Plaintiff suspects, CHA has more information to produce on this topic that is proportional to the needs of the case, that conferral should uncover it, and CHA must produce it. If not, then the better vehicle for obtaining this information, again, is a Rule 30(b)(6) deposition rather than a court order compelling CHA to produce more documents.

**RFP Nos. 6, 13, 16-22, 40 and Request for Admission No. 16.** CHA supplemented its responses to these discovery requests after Plaintiff filed its Motion. Except for RFP No. 6, Plaintiff does not say anything about these discovery requests or the request for admission in its Reply, so the Court assumes CHA's supplementation was sufficient for Plaintiff's purposes. Therefore, Plaintiff's Motion is denied in these respects.

With respect to RFP No. 6, Plaintiff acknowledges CHA's supplemental response, but it says it does not know whether CHA's supplemental response is "exhaustive." The Court, frankly, does not know what Plaintiff means by that comment. The parties can meet and confer about this issue, and Plaintiff can bring to the Court's attention any unresolved issues if it is necessary to do so in the future. For now, however, since CHA supplemented its response to RFP No. 6 and it is unclear whether it must do anything else to fully respond to that request for production, Plaintiff's Motion is denied in this respect as well.

Finally, Plaintiff seeks its attorneys' fees and expenses incurred in filing the Motion. That request is denied. Plaintiff's Motion was granted in part and denied in part. In the Court's discretion, the process of apportioning attorneys' fees and expenses between successful and unsuccessful arguments would not be a productive exercise or a good use of anyone's time. Accordingly, the parties shall bear their own fees and expenses arising from the briefing of Plaintiff's Motion.

Accordingly, for all these reasons, Plaintiff's Motion to Compel Discovery and For Other Relief [ECF No. 472] is granted in part and denied in part.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: May 28, 2025

5